## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

GARY BURRELL and ANTOINE LEE, on behalf of themselves and others similarly situated,

                Plaintiffs,

v.

GUSTECH COMMUNICATIONS, LLC,

                Defendant.

NO.  0:18-cv-00508-CMC

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, Gary Burrell and Antoine Lee (collectively, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Class and Collective Action Complaint against Defendant, Gustech Communications, LLC ("Defendant" or "Gustech"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq*. ("NCWHA"), the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq*. ("SCPWA"), and the common law.

Plaintiffs allege that although Defendant classified them and other similarly situated Satellite Technicians as independent contractors, they were in fact Defendant's employees under the FLSA, the NCWHA, and the SCPWA.  Due to Defendant's misclassification of Plaintiffs and Class Members as independent contractors, Defendant violated the FLSA by failing to pay its technicians an overtime premium when they worked more than 40 hours in a workweek and

by failing to pay at least minimum wage for all hours worked in a workweek, after considering deductions made by Defendants to the technicians' pay.  Furthermore, Defendant violated the NWCHA and the SCPWA by making unauthorized deductions from the compensation of its technicians that were not made for the benefit of its employees.

Plaintiffs bring their claims for overtime compensation and minimum wage violations on behalf of themselves and all others similarly situated as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b).  Furthermore, Plaintiffs bring their claims for unlawful deductions under the NCWHA and the SCPWA on behalf of themselves and all other similarly situated as an opt-out class action for unlawful deductions pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

1.     Jurisdiction over Plaintiffs' FLSA claims are proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state-law claims because those claims derive from a common nucleus of operative facts as the federal claims asserted herein.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that Plaintiffs were domiciled in the district at the time of the events, Defendant maintains physical locations within this judicial district, and Defendant is incorporated in this State.

## PARTIES

4.     Plaintiff Gary Burrell is an individual residing in Fort Mill, South Carolina. From approximately August 2015 to the present, Plaintiff Burrell has worked for Gustech as a Satellite Installation Technician in the States of North Carolina and South Carolina. Pursuant to 29 U.S.C. § 216(b), Burrell has consented in writing to be a Plaintiff in this action.

5.      Burrell operates out of Gustech facility in Fort Mill, South Carolina and has worked primarily in Charlotte, North Carolina. During his work for Gustech, Burrell works an average of six (6) days per week, between nine (9) and eleven (11) hours per day, and has not received any overtime compensation at any time during the class period.

6.      Plaintiff Antoine Lee is an individual currently residing in Chicago, Illinois. Between approximately August 2016 and June 2017, Lee worked for Gustech as a Technician in the States of North Carolina and South Carolina. Pursuant to 29 U.S.C. § 216(b), Lee has consented in writing to be a Plaintiff in this action.

7.      While he worked for Defendant, Plaintiff Lee worked primarily out of a Gustech facility in Fort Mill, South Carolina, resided in Charlotte, North Carolina, and performed most of his work for Gustech in Charlotte, North Carolina. During his work for Gustech, Plaintiff Lee regularly worked an average of six days a week, 10 to 12 hours per day.  Thus, Lee often worked 60 to 70 hours per week without receiving any overtime compensation.

8.      Defendant Gustech Communications, LLC ("Gustech") is a South Carolina company with its principal place of business located in Fort Mill, South Carolina. Gustech employs Satellite Technicians throughout the United States, but intentionally misclassifies these Technicians as independent contractors.

## CLASS DEFINITIONS

9.      Plaintiffs bring Count I and Count II of this lawsuit pursuant to FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following opt-in litigants:

> All Satellite Technicians who were misclassified as independent contractors while performing installation work for Gustech Communications, LLC, throughout the United States within three years prior to filing written consent to join this case or during any period while the statute of limitations is tolled under applicable law (the "FLSA Class").

3

10.     Plaintiffs bring Count III of this lawsuit as a class action pursuant to Fed. R. Civ.

P. 23, on behalf of themselves and the following class:

> All Satellite Technicians who were misclassified as independent contractors while performing installation work for Gustech Communications, LLC, predominantly in North Carolina from February 21, 2016 to the present (the "North Carolina Class").

11.     Plaintiffs bring Count IV of this lawsuit as a class action pursuant to Fed.

R. Civ. P. 23, on behalf of themselves and the following class:

> All Technicians who were misclassified as independent contractors while performing installation work for Gustech Communications, LLC, predominantly in South Carolina from February 21, 2015 to the present (the "South Carolina Class").

12.     The FLSA Class, North Carolina Class, and South Carolina Class are

together referred to as the "Classes."

13.     Plaintiffs reserve the right to redefine the Classes prior to filing a motion

for notice to similarly situated employees pursuant to 29 U.S.C. § 216(b), prior to filing a

motion for class certification pursuant to Fed. R. Civ. P. 23, and thereafter, as necessary.

## **FACTS**

14.     Gustech relies on Satellite Technicians, such as Plaintiffs, to install and

repair DirecTV services and products in states such as North Carolina, South Carolina,

Texas, and Florida.

15.     Gustech maintains a website which describes its business as installing

satellite television in homes.

16.     Gustech's earnings are driven by the number of Satellite Technicians

performing installation, upgrade, and maintenance services for Gustech's customer

DirecTV.

17.    Gustech Technicians perform core work that is necessary to Gustech's business, namely providing installations, upgrades, and support for DirecTV customers; without the Technicians, Defendant would have no business.

18.    Gustech improperly misclassified Plaintiffs and Class Members as independent contractors, when the economic reality of the position is that of an employee, and Gustech retains the right of control, and, in fact, actually does control the work of its Satellite Technicians.

19.    As a result of the misclassification of its Satellite Technicians, Gustech did not pay them in accordance with the FLSA and state wage laws and otherwise forced the Technicians unlawfully to bear certain costs of Gustech's business by deducting such amounts from their pay.

20.    Plaintiffs and Class Members qualify as employees under the FLSA, the NCWHA, and the SCPWA, as further described below.

21.    The work performed by Plaintiffs and Class Members is an integral part of Gustech's business. Gustech is in the business of providing DirecTV satellite installation and repair services. Plaintiffs and Class Members installed, upgraded, and provided technical services for DirecTV satellite products to Gustech's customers.

22.    Plaintiffs' and Class Members' duties do not involve managerial work. They follow the protocols provided to them by Gustech in performing their work, which is basic installation and technical services.

23.    Plaintiffs and Class Members do not make any significant relative investments in relation to their work with Gustech.

24.    Plaintiffs' and Class Members' work does not require special skills,

judgment or initiative.

25.    Gustech requires Plaintiffs and Class Members who do not have prior experience to undergo training lasting one to three weeks during which they work alongside other Gustech technicians without pay.

26.    Plaintiffs and Class Members are not customarily engaged in an independently established trade, occupation, profession or business.

27.    Plaintiffs and Class Members have little or no authority to refuse or negotiate Gustech's rules and policies; they must comply or risk deduction in hours and/or termination.

28.    In addition to reserving the right to control the work performed by Plaintiffs and Class Members, Gustech, in fact, exercises control over the method and manner in which Plaintiffs and the Classes perform their labor for Gustech's clients.

29.    Gustech instructs Plaintiffs and Class Members concerning how to do their work and dictates the details of the performance of their jobs. For example:

    a.  Gustech requires Plaintiffs and Class Members to perform their work in accordance with Gustech's policies, manuals, standard operating procedures and DirecTV's requirements;

    b.  Gustech requires Plaintiffs and Class Members to wear a uniform of a shirt with a logo from AT&T or DirecTV;

    c.  Gustech, not Plaintiffs or Class Members, conducts all of the billing and invoicing for the Technicians' work;

    d.  Plaintiffs and Class Members have no control over what prices to charge. Gustech establishes a schedule of what Technicians will be paid per job,

with no opportunity for negotiation by Plaintiffs and Class Members;

    e.    Gustech can require its Technicians to complete training conducted by other Gustech Technicians;

    f.    Gustech requires Plaintiffs and Class Members to log the beginning and end of each installation or repair job;

    g.    Gustech requires Plaintiffs and Class Members to obtain, at their own expense, the necessary tools and equipment, such as cables, tie wraps, tape, silicon, barrels, for completing the installations, upgrades, and services;

    h.    Gustech performs inspections of work performed by Plaintiffs and Class members and issues deductions if any issues are detected by Gustech; and

    i.    Gustech, not Plaintiffs or Class Members, may change the terms of the working arrangement without notice at any time.

30.    Gustech requires Plaintiffs and Class Members to submit to a consumer background report as part of the application process.

31.    Gustech controls Plaintiffs' and Class Members' work assignments through the Field Services Tech Passport (FSTP) application. Gustech assigns routes for each technician and assigns jobs based on the Technician's score. Work assignments are easily monitored or changed by Gustech at any time for any reason.

32.    Gustech tracks Plaintiffs and Class Members with the phone tracking application FSTP. Plaintiffs and Class Members are required to download the application to their phones in order for Gustech to track their work and location throughout the day.

33.    Gustech requires Plaintiffs and Class Members to track their work

throughout the day through FSTP. The Technician must acknowledge the assigned job and confirm their Estimated Time of Arrival at the job. The Technician must mark on FSTP when they arrive at the job site and enter an Estimated Time of Completion.

34.    Gustech monitors the information in FSTP throughout the day and calls Technicians who are running behind the estimated schedule.

35.    Gustech requires Plaintiffs and Class Members to attend mandatory meetings every two weeks to discuss current performance and ways to increase productivity.

36.    Gustech's Technicians are supervised closely by Gustech personnel. Gustech evaluates and scores Plaintiffs and Class Members, which determines the quantity and quality of jobs assigned to the Technician.

37.    Gustech assigns Plaintiffs and Class Members additional jobs installing and repairing Dish Network equipment for Airtech Communications, LLC, which is affiliated with Gustech.

38.    Gustech can unilaterally alter whether it classifies Plaintiffs and Class Members as independent contractors or employees.  In approximately May or June 2017, Gustech required its Technicians to sign documents stating that they would be classified as employees.  Gustech, however, continued to classify the Technicians as independent contractors.

39.    Gustech's pay policies include chargebacks for Plaintiffs and Class Members.  Gustech makes deductions from the compensation paid to its Satellite Technicians for missing inventory, problems with installations, failed inspections, or for return service calls.

40.     For return service calls, Gustech will issue a chargeback for any repair or other return service needed within 90 days of an installation performed by the Satellite Technician.

41.     Gustech deducts the cost of tools and equipment, such as cables, tie wraps, tape, silicon, fittings, and barrels, from the Technician's pay.

42.     Gustech Technicians are required to purchase the necessary tools and equipment for the job. These required purchases are primarily for the benefit of Gustech's business and can cost Technicians hundreds of dollars. For example, Technicians are required to purchase an aim-meter to work for Gustech.

43.     Plaintiffs and Class Members are paid on a per project or job basis with a rate schedule set by Gustech based on the service provided.

44.     Plaintiffs are not notified when there has been a repeat service call that will result in a deduction from their pay.

45.     As a result of being required to pay for equipment, as well as penalty deductions taken from Technicians' paychecks, Gustech Technicians have received an hourly rate that is less than the federal and state minimum wage rates in certain work weeks.

46.     Plaintiffs worked on average between five (5) to seven (7) days per week, ten (10) to twelve (12) hours per day. Plaintiffs observed that Class Members routinely work the same schedule.

47.     Plaintiffs and Class Members routinely work in excess of forty (40) hours per week each week without.

48.     Gustech, pursuant to its policies and practices, failed and refused to pay

Plaintiffs and Class Members overtime compensation for all hours worked over forty (40) in a workweek.

49.     Plaintiff Burrell routinely worked more than 40 hours a week and, pursuant to Defendant's classification of him as an independent contractor, received no overtime pay.  For example, from January 22 to January 28, 2018 and from January 29 to February 4, 2018 Plaintiff Burrell worked seven days a week, totaling over 60 hours a workweek, without receiving overtime pay.

50.     Plaintiff Lee routinely worked more than 40 hours a week and, pursuant to Defendant's classification of him as an independent contractor, received no overtime pay. For example, from April 24 to April 30, 2017, Plaintiff Lee worked over 60 hours during the workweek without receiving overtime pay.

51.     By virtue of the extensive control Gustech exerts over them, and the nature of their relationship with Gustech, the Technicians are not independent business operators or agents of independent business operators, as Gustech has misclassified them, but rather, all Technicians that perform work on behalf of Gustech are employees of Gustech under the FLSA, North Carolina, and South Carolina state law.

52.     Gustech has intentionally misclassified Plaintiffs and the Classes to avoid Gustech's obligations under the FLSA and state wage laws. Gustech saves thousands of dollars in avoiding expenses associated with its core business by not providing Plaintiffs and the Classes with proper minimum wage, overtime, or other benefits ordinary employees are entitled to and enjoy.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

53.      Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective

action on behalf of the FLSA Class as defined above.

54.     Plaintiffs desire to pursue their FLSA claim on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

55.     Plaintiffs and the FLSA Class are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals currently work or worked pursuant to Gustech's previously described common business and compensation practices as described herein, and, as a result of such practices, have been misclassified as independent contractors and have not been paid the full and legally mandated minimum wage for all hours worked. Resolution of this action requires inquiry into common facts, including, *inter alia*, Gustech's common misclassification, compensation, and payroll practices.

56.     Specifically, Gustech misclassified Plaintiffs and the FLSA Class as independent contractors and paid them a set piece rate.

57.     The similarly situated employees are known to Gustech, are readily identifiable, and can easily be located through Gustech's business and human resources records. Gustech employs many FLSA Class Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. mail and/or other means, and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, minimum wage deficiencies, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## **CLASS ACTION ALLEGATIONS**

### A.     The North Carolina Class

58.     Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23

on behalf of themselves and the North Carolina Class defined above.

59.    The members of the North Carolina Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the North Carolina Class.

60.    Plaintiffs will fairly and adequately represent and protect the interests of the North Carolina Class because there is no conflict between the claims of Plaintiffs and those of the North Carolina Class, and Plaintiffs' claims are typical of the claims of the North Carolina Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

61.    There are questions of law and fact common to the proposed North Carolina Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Gustech has violated and continues to violate statutory and common law through its policies or practices of not paying its Satellite Technicians for all hours worked and overtime compensation.

62.    Plaintiffs' claims are typical of the claims of the North Carolina Class in the following ways, without limitation: (a) Plaintiffs are members of the North Carolina Class; (b) Plaintiffs' claims are of the same policies, practices and course of conduct that form the basis of the claims of the North Carolina Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the North Carolina Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs, the North Carolina Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the North Carolina Class Members.

63.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because

questions of law and fact common to the North Carolina Class predominate over any questions affecting only individual Class Members.

64.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of the North Carolina Class are readily identifiable from Gustech's own records. Prosecution of separate actions by individual members of the North Carolina Class would create the risk of inconsistent or varying adjudications with respect to individual North Carolina Class members that would establish incompatible standards of conduct for Gustech.

65.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the North Carolina Class, while substantial, are not great enough to enable them each to maintain separate suits against Gustech.

66.    Without a class action, Gustech will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the North Carolina Class. Plaintiffs envision no difficulty in the management of this action as a class action.

**B.    The South Carolina Class**

67.    Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the South Carolina Class defined above.

68.    The members of the South Carolina Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than forty (40) members of the South Carolina Class.

69.    Plaintiffs will fairly and adequately represent and protect the interests of the South Carolina Class because there is no conflict between the claims of Plaintiffs and those of the South Carolina Class, and Plaintiffs' claims are typical of the claims of the South Carolina Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

70.    There are questions of law and fact common to the proposed South Carolina Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Gustech has violated and continues to violate statutory and common law through its policies or practices of not paying its Satellite Technicians for all hours worked and overtime compensation.

71.    Plaintiffs' claims are typical of the claims of the South Carolina Class in the following ways, without limitation: (a) Plaintiffs are members of the South Carolina Class; (b) Plaintiffs' claims are of the same policies, practices and course of conduct that form the basis of the claims of the South Carolina Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the South Carolina Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs, the South Carolina Class Members; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the South Carolina Class Members.

72.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the South Carolina Class predominate over any

questions affecting only individual Class Members.

73.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of the South Carolina Class are readily identifiable from Gustech's own records. Prosecution of separate actions by individual members of the South Carolina Class would create the risk of inconsistent or varying adjudications with respect to individual South Carolina Class members that would establish incompatible standards of conduct for Gustech.

74.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the South Carolina Class, while substantial, are not great enough to enable them each to maintain separate suits against Gustech.

75.    Without a class action, Gustech will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the South Carolina Class. Plaintiffs envision no difficulty in the management of this action as a class action.

### COUNT I
### Violation of the FLSA – Overtime Compensation
### (On Behalf of Plaintiffs and the FLSA Class)

76.    All previous paragraphs are incorporated as though fully set forth herein.

77.    The FLSA requires that covered employees be compensated overtime pay for

all hours worked over forty (40) hours at no less than one and a half (1 ½) times their regular rate of pay. *See* 29 U.S.C. § 207.

78.    The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. 203(e)(1), and "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. 203(d). The FLSA's definition of "employ" broadly covers anyone who is "suffer[ed] or permit[ted] to work." 29 U.S.C. 203(g).

79.    Gustech is subject to the wage requirements of the FLSA because Gustech is an "employer" under 29 U.S.C. § 203(d).

80.    At all relevant times, Plaintiffs and the FLSA Class are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

81.    At all relevant times, Gustech is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

82.    Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA.

83.    Plaintiffs and the FLSA Class are entitled to be paid overtime for hours worked over forty (40) in a workweek, pursuant to 29 U.S.C. § 207.

84.    Gustech does not maintain accurate records of all hours that Plaintiff and the FLSA Class worked each workday and the total number of hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

85.    Gustech, pursuant to its policies and practices, knowingly failed to pay Plaintiffs and the FLSA Class overtime compensation for all hours worked over forty (40) in a workweek in violation of 29 U.S.C. § 207.

86.    By failing to pay Plaintiffs for some hours worked, such as for training hours and troubleshooting calls, and by requiring Plaintiffs to pay for expenses that primarily benefitted Gustech through various deductions to their wages, Gustech knowingly failed to compensate Plaintiffs and the FLSA Class overtime in violation of 29 U.S.C. § 207.

87.    In violating the FLSA, Gustech acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### Violation of the FLSA – Minimum Wage
### (On Behalf of Plaintiffs and the FLSA Class)

88.    All previous paragraphs are incorporated as though fully set forth herein.

89.    The FLSA requires that covered employees be minimum wage for all hours worked. *See* 29 U.S.C. § 206.

90.    The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. 203(e)(1), and "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. 203(d). The FLSA's definition of "employ" broadly covers anyone who is "suffer[ed] or permit[ed] to work." 29 U.S.C. 203(g).

91.    Gustech is subject to the wage requirements of the FLSA because Gustech is an "employer" under 29 U.S.C. § 203(d).

92.    At all relevant times, Plaintiffs and the FLSA Class are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

93.    At all relevant times, Gustech is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

94.     Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA.

95.     Plaintiffs and the FLSA Class are entitled to be paid minimum wage for all of their hours worked, pursuant to 29 U.S.C. § 206.

96.     By failing to pay Plaintiffs for some hours worked, such as for training hours and troubleshooting calls, and by requiring Plaintiffs to pay for expenses that primarily benefitted Gustech through various deductions to their wages, Gustech knowingly failed to compensate Plaintiffs and the FLSA Class minimum wage in violation of 29 U.S.C. § 206.

In violating the FLSA, Gustech acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### COUNT III
### North Carolina Wage and Hour Act
### (On Behalf of Plaintiffs and the North Carolina Class)

97.     All previous paragraphs are incorporated as though fully set forth herein.

98.     North Carolina's Wage and Hour Act ("NCWHA") requires an employer to pay all wages due to its employees. *See* N.C. Gen. Stat. § 95-25.6.

99.     Gustech is subject to the wage requirements of the NCWHA because Gustech is an "employer" under N.C. Gen. Stat. § 95-25.2(5).

100.    At all relevant times, Plaintiffs and the North Carolina Class are covered employees entitled to the NCWHA's protections. *See* N.C. Gen. Stat. § 95-25.2(4).

101.    The compensation paid by Gustech to Plaintiffs and the North Carolina Class for their work constitute "wages" as that term is defined in N.C. Gen. Stat. § 95-25.2.

102.    Plaintiffs and the North Carolina Class are not exempt from the requirements of the NCWHA for wage payments.

103.    Gustech has intentionally failed to pay the wages due to Plaintiffs and the

North Carolina Class in violation of N.C. Gen. Stat. § 95-25.6.

104.     Gustech is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiffs' and the North Carolina Class's wages that concern this lawsuit.

105.     Gustech does not have written authorization from Plaintiffs or any members of the North Carolina Class to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

106.     Pursuant to N.C. Gen. Stat. § 95-25.8(a)(2), an employer may only withhold or divert any portion of an employee's wages, "when the amount of the proposed deduction is known and agreed upon in advance," after meeting several requirements, including, but not limited to: (1) receiving written authorization from each employee "on or before the payday(s) for the pay period(s) from which the deduction is to be made"; (2) providing the reason for each deduction; and (3) providing advance written notice of the actual amount to be deducted.

107.     Defendants violated N.C. Gen. Stat. § 95-25.8(a)(2) by not receiving sufficient authorization from Plaintiffs and members of the putative class, including, but not limited to, failing to receive written authorization from each employee "on or before the payday(s) for the pay period(s) from which the deduction is to be made."

108.     Additionally, under N.C. Gen. Stat. § 95-25.8, and the accompanying regulation, 13 N.C. Admin. Code 12 § .0305(g), "If an employer withholds or diverts wages for purposes not permitted by law, the employer shall be in violation of G.S. 95-25.6 . . . even if the employee authorizes the withholding in writing pursuant to G.S. 95-25.8(a), because that authorization is invalid."

109.     Defendants violated 13 N.C. Admin. Code 12.0305(g) by withholding

Plaintiffs' and members of the class's wages for purposes not permitted by law, including, but not limited to, a worker's compensation insurance policy that, upon information and belief, does not exist, because Plaintiffs and members of the class were never classified as employees, and thus could not make a worker's compensation claim.

110.    Pursuant to N.C. Gen. Stat. § 95-25.22, an employer, such as Gustech, who fails to pay an employee wages in conformance with the NCWHA shall be liable to the employee for the wages or expenses that were not paid, interest, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

111.    In violating North Carolina law, Gustech acted willfully and with reckless disregard of clearly applicable NCWHA provisions.

**COUNT IV**
**South Carolina Payment of Wages Act**
**(On Behalf of Plaintiffs and the South Carolina Class)**

112.    All previous paragraphs are incorporated as through full set forth herein.

113.    South Carolina's Payment of Wages Act ("SCPWA") requires an employer to pay all wages due to its employees. S.C. Code Ann. § 41-10-40(D).

114.    Defendant Gustech is subject to the wage requirements of SCPWA because it is an employer under S.C. Code Ann. § 41-10-10(1).

115.    At all relevant times, Plaintiffs and the South Carolina Class are covered employees entitled to the SCWPA's protections.

116.    The compensation paid by Gustech to Plaintiffs and the South Carolina Class constitute "wages" as that term is defined at S.C. Code Ann. § 41-10-10(2).

117.    Pursuant to the SCPWA, S.C. Code Ann. § 41-10-30, an employer is required to notify each employee "in writing at the time of hiring of . . . the deductions which will be

made from [their] wages."

118.     Furthermore, "[a]n employer shall not withhold or divert any portion of an employee's wages unless the employer is required or permitted to do so by state or federal law or the employer has given written notification to the employee of the amount and terms of the deductions as required by subsection (A) of § 41-10-30." S.C. Code Ann. § 41–10–40.

119.     Plaintiffs and the South Carolina Class are not exempt from the requirements of the SCPWA for wage payments.

120.     Gustech is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiffs' and the South Carolina Class' wages that concern this lawsuit.

121.     Gustech does not have written authorization from Plaintiffs or any members of the South Carolina Class to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

122.     Gustech, pursuant to its policies and practices, made unauthorized deductions from Plaintiffs and the South Carolina Class Members' compensation in violation of the SCPWA. S.C. Code Ann. § 41-10-40(C).

123.     Pursuant to S.C. Code Ann. § 41-10-80, an employer such as Gustech, who fails to pay employees wages in conformance with the SCPWA shall be liable to the employees for an amount equal to three times the amount of unpaid wages, plus costs and attorney's fees.

124.     In violating South Carolina law, Gustech acted willfully and with reckless disregard of clearly applicable SCPWA provisions.

**COUNT V**
**Unjust Enrichment Under North Carolina Law**
**(On Behalf of Plaintiffs and the North Carolina Class)**

125.    All previous paragraphs are incorporated as though fully set forth herein.

126.    Gustech has received and benefited from the uncompensated labors of Plaintiffs and the North Carolina Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

127.    At all relevant times hereto, Gustech devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs and the North Carolina Class without paying wages for all hours worked, by making unauthorized deductions from Plaintiffs' pay, and by requiring Plaintiffs to pay for Gustech's own business expenses.

128.    By reason of having secured the work and efforts of Plaintiffs and the North Carolina Class without paying wages for all hours worked as required by law, Gustech enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and the North Carolina Class.

129.    Accordingly, it would be inequitable for Gustech to retain the benefit of Plaintiffs' and the North Carolina Class' services without paying them wages for all hours worked as required by law.

130.    Plaintiffs and the North Carolina Class are entitled to judgment in an amount equal to the benefits unjustly retained by Gustech.

## COUNT VI

### Unjust Enrichment Under South Carolina Law
### (On Behalf of Plaintiffs and the South Carolina Class)

131.    All previous paragraphs are incorporated as though fully set forth herein.

132.    Gustech has received and benefited from the uncompensated labors of Plaintiffs and the South Carolina Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

133.    At all relevant times hereto, Gustech devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs and the South Carolina Class without paying wages for all hours worked, by making unauthorized deductions from Plaintiffs' pay, and by requiring Plaintiffs to pay for Gustech's own business expenses.

134.    By reason of having secured the work and efforts of Plaintiffs and the South Carolina Class without paying wages for all hours worked as required by law, Gustech enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and the South Carolina Class.

135.    Accordingly, it would be inequitable for Gustech to retain the benefit of Plaintiffs' and the South Carolina Class' services without paying them wages for all hours worked as required by law.

136.    Plaintiffs and the South Carolina Class are entitled to judgment in an amount equal to the benefits unjustly retained by Gustech.

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

a. A declaration that Gustech misclassified Plaintiffs and Class Members as independent  contractors instead of employees;

b. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

c. An order permitting this litigation to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the North Carolina Class and the South Carolina Class;

d. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential  members of the FLSA Class;

e. Injunctive relief requiring Gustech to comply with all applicable federal and state  laws and cease their illegal practices;

f. A judgment in favor of Plaintiffs and Class Members for all penalties and liquidated damages allowed by law;

g. An award of pre-judgment and post-judgment interest to Plaintiffs and Class  Members;

h. An award of attorney's fees and costs as provided by law; and

i. Any other relief to which the Plaintiffs and Class Members may be entitled.

[Signature of Counsel on Following Page]

Respectfully submitted,

GARY BURRELL and ANTOINE LEE,
on behalf of themselves and all other
similarly situated


 s/ David E. Rothstein
David E. Rothstein, Fed. ID No. 6695
ROTHSTEIN LAW FIRM, PA
1312 Augusta Street
Greenville, SC 29605
Telephone: (864) 232-5870
Facsimile: (864) 241-1386
drothstein@rothsteinlawfirm.com


Harold Lichten
(*pro hac vice* admission anticipated)
Benjamin J. Weber
(*pro hac vice* admission anticipated)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
bweber@llrlaw.com


Dated: February 21, 2018

Greenville, SC.