**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| **GARY BURRELL and ANTOINE LEE,** on behalf of themselves and others similarly situated, | **C.A. No.:  0:18-cv-00508-DCC** |
| **Plaintiffs,** | |
| v. | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO 29 U.S.C. § 216(B)** |
| **GUSTECH COMMUNICATIONS, LLC,** | |
| **Defendant.** | |

Defendant Gustech Communications, LLC (hereinafter "Gustech"), by and through its undersigned attorneys, respectfully submits this Opposition to Plaintiffs' Motion for Conditional Certification and Issuance of Notice Pursuant To 29 U.S.C. § 216(b).  (ECF No. 7).   Plaintiffs' Motion seeks conditional certification of a proposed collective under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et. seq.* ("FLSA"), despite the existence of other FLSA cases involving Gustech that may overlap with, or impact the viability of, claims by the proposed collective members in this case.

As outlined below, Plaintiffs' Motion must be denied in favor of additional investigation before notice can be issued.  Alternatively, if the Court determines that issuance of notice is appropriate in this matter, Gustech respectfully requests that the Court provide the parties a period of two weeks from the date of the order to meet and confer regarding the terms of the notice and the notice process, because Plaintiffs' proposals are overly broad and unduly burdensome.

## FACTS

Plaintiffs, Gary Burrell and Antoine Lee (hereinafter "Plaintiffs") have filed this action individually and on behalf of all persons similarly situated against Gustech seeking relief under the FLSA, the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et. seq.* ("NCWHA"), the South Carolina Payment of Wages Act, S.C. Code Ann. §41-10-10 *et seq.* ("SCPWA"), and the common law. Plaintiffs allege that they and other similarly situated Satellite Technicians were misclassified by Gustech as independent contractors when they legally were Defendant's employees under the FLSA, the NCWHA, and the SCPWA. As a result of this alleged misclassification, Plaintiffs claim that they and others similarly situated are entitled to overtime pay when they worked more than 40 hours in a work week, that Gustech made unauthorized deductions from their compensation, and that these alleged unauthorized deductions sometimes brought their pay below the hourly minimum wage.

Plaintiffs bring their claims for overtime compensation and alleged minimum wage violations as an opt-in collective action pursuant to the FLSA, 29 U.S.C. § 216(b). In their Complaint, the Plaintiffs define the opt-in litigants as follows:

> All Satellite Technicians who were misclassified as independent contracts while performing installation work for Gustech Communications, LLC, throughout the United States within three years prior to filing written consent to join this case or During any period while the statute of limitations is tolled under applicable law (the "FLSA Class").

In their Motion for Conditional Certification, however, Plaintiffs seek conditional certification of a collective action on behalf of the following:

> All individuals who worked as technicians for Gustech Communications in the States of Florida, North Carolina, South Carolina, or Texas during the past three Years and who were misclassified as independent contractors.

Gustech filed an answer denying that Plaintiffs or any other Satellite Technicians with which it has contracted have been misclassified. Moreover, Gustech has denied that Plaintiffs or others

similarly situated are owed overtime compensation.  Gustech further denies that it has violated the minimum wage laws or that it has violated the FLSA, the NCWHA or the SCPWA in any respect.  As outlined below, Plaintiffs' request for conditional certification must be denied.

**ARGUMENT**

### I.    Conditional Certification Is Not Automatic.

Conditional certification under 29 U.S.C. § 216(b) is not automatic. *See* 29 U.S.C. § 216(b).  Determining whether an employee and putative class members may proceed collectively under the FLSA requires an evaluation as to whether the employees are "similarly situated." 29 U.S.C. § 216(b).  Where, as here, the parties have not engaged in pre-certification discovery, the procedure to certify a collective action has evolved into a two stage process. *Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 367 (D.S.C. 2012); *see also MacGregor v. Farmers Ins. Exchange*, 2:10-CV-03088, 2011 WL 2981466, *2 (D.S.C. July 22, 2011).  The first stage, referred to as "notice" or "conditional certification," is initiated by the plaintiff filing a motion for court-supervised notice to the putative class members. *Pelczynski*, 284 F.R.D. at 367-68. ).  If the district court grants conditional certification and determines that notice may be sent to putative class members, the parties proceed through discovery to the "second stage." *Id.* at 368. At the "second stage" the court makes a final determination on the "similarly situated" issue after the conclusion of discovery. *Id.*

At the first stage of notice, "courts should not exercise their discretion to facilitate notice unless the facts and circumstances of the case illustrate that a class of similarly situated aggrieved employees exists." *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F. Supp. 2d 544, 547-48 (E.D. Va. 2009); *MacGregor*, 2011 WL 2981466, at *2.  Plaintiffs "ha[ve] the burden of demonstrating that notice is appropriate," and that burden, while "not onerous," is also "not invisible." *Purdham*, 629 F. Supp. 2d at 548.  The two-stage certificate approach "lends itself to

3

an *ad hoc* analysis on a case-by-case basis". *Simmons v. Pryor's Inc.,* 2011 U.S. Dist. LEXIS 81806, at \*5-6, 2011 WL 3158724. (citing *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)).   Indeed, Plaintiffs "must demonstrate some identifiable factual nexus which binds the named and the potential class members together . . . . Mere allegations will not suffice; some factual evidence is necessary." *MacGregor*, 2011 WL 2981466 at \*2; *see also Pelczynski*, 284 F.R.D. at 368.   Moreover, a "plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join in the lawsuit." *Ali v. Sugarland Petroleum et al.*, No. 4:09-cv-0170, 2009 WL 5173508, \*2 (S.D. Tex. Dec. 22, 2009) (quotations omitted). In fact, "'[e]vidence that other similarly situated individuals desire to opt in to the litigation' … is required." *Pelczynski,* 284 F.R.D. at 368; *see also Parker v. Rowland Express, Inc*., 492 F. Supp. 2d 1159, 1166-67 (D. Minn. 2007) ("It is not unreasonable to require Plaintiffs to submit evidence of [others] who desire to join this litigation before conditional certification is granted" given plaintiffs' five-year tenure with defendant).

The "Supreme Court has emphasized that the goal of § 216(b) is efficiency, and that a court has 'a managerial responsibility … to assure that the [joinder of additional parties] is accomplished in an efficient and proper way.'" *Pelczynski*, 284 F.R.D. at 367 (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482 (1989)).  Therefore, "[a]s a matter of sound case management, a court should, before offering [to assist plaintiff in locating additional plaintiffs], make a preliminary inquiry as to whether a manageable class exists . . . . The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *D'Anna v. M/A-COM, Inc.,* 903 F. Supp. 889, 894 (D. Md. 1995) (internal citations omitted).  In determining whether a manageable class exists,

"the court should be guided by the remedial purpose of the FLSA" which is the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Archer v. Freedmont Mortg. Corp.,* 2013 WL 93320, at *3 (D. Md. Jan. 7, 2013)(quoting *Hoffmann-LaRoche*, 493 U.S. 165, 170).   Accordingly, certification "is inappropriate where multiple claims cannot be adjudicated efficiently because they would require 'substantial individualized determinations for each class member.'" *Id.* at *3 (citing *Syrja v. Westat, Inc.,* 756 F. Supp. 2d 682, 686 (D. Md. 2010) (denying conditional certification where "adjudication of multiple claims in this case would require the parties, the Court, and perhaps eventually a jury, to engage in an unmanageable assortment of individualized factual inquiries").

## II.      The Possible Overlap Between Members Of This Purported Collective And Plaintiffs In Earlier-Filed FLSA "Misclassification" Cases Requires Additional Investigation Before Notice Can Be Issued.

Gustech has been and is still involved – both directly as a defendant and indirectly as a subpoenaed sub-contractor in the chain – in several pieces of litigation across the county that may impact whether the members of this purported collective have viable FLSA claims to pursue against Gustech in this action.   As outlined below, it is entirely possible that the individuals whom Plaintiffs seek to represent and include in this action are already part of other actions arising out of their alleged employment with Gustech and, in some instances, ***may have already resolved any FLSA claims arising out of that relationship***.   This overlap necessitates a pause to conduct additional investigation before a collective is conditionally certified – not only because a rush to certify would render the purported collective unmanageable, but also because certain purported members' participation in overlapping litigation raises legitimate questions about whether the proposed collective members are similarly situated in the first instance.

5

At the very least, the possibility of overlap among the cases described below will require this court to make a series of individualized determinations that render resolution on a representative basis unmanageable. Where "individualized determinations are more likely to predominate, a collective action would hinder, rather than promote, efficient case management." *Sodekson v. E. Coast Rest. & Nightclubs, LLC*, No. 4:15-CV-02711, 2016 WL 4613386, at *5 (D.S.C. Sept. 6, 2016); *see Gromek v. Big Lots, Inc.*, No. 10-CV-4070, 2010 WL 5313792, at *4-5 (N.D. Ill. Dec. 17, 2010) (declining first-stage conditional certification because, even though plaintiffs satisfied the similarly situated requirement, the case would be unmanageable). Indeed, cases are unmanageable as collective actions where they involve fact-intensive inquiries and individualized defenses that would require hundreds of mini-trials. *Beecher v. Steak N Shake Operations, Inc.*, 904 F. Supp. 2d 1289, 1293 (N.D. Ga. 2012) (denying conditional certification because the "case could result in . . . mini-trials" regarding corrections made to time and tip records of putative class members). Such is the case here.

A.    **Several Previously-Filed Cases Potentially Resolved Any Claims Of Putative Members In This Case Arising Out Of Their Work Relationship With Gustech.**

Plaintiffs' putative collective is comprised of Gustech "misclassified" technicians in four states, including South Carolina and Florida. Gustech is aware of at least two (and perhaps more) FLSA lawsuits already pending in South Carolina and Florida that were brought by plaintiffs who allege Gustech employed them as technicians and misclassified them as independent contractors working for a sub-contractor and DirectTV. *See Alston v. DIRECTV, Inc.*, a case pending before Judge Childs in the District of South Carolina (Civil Action No.: 3:14-cv-04093-JMC) and *Buttita v. DIRECTV, LLC*, a case pending in the Northern District of Florida (Civil Action No. 3:14-cv-00566-MCR-EMT). Gustech is not a named party in those

cases and is not privy to insider details, but it is certainly probable that some of the plaintiffs

participating in those cases who had a relationship with Gustech would also be members of

Plaintiffs' putative class in this case.  Judge Childs recognized the relationship when she ordered

Gustech in *Alston* to produce subpoenaed documents:

> As relevant here, [plaintiff] **Ryman has alleged that he was engaged in employment with DIRECTV through Gustech Communications, LLC, Inc.** ("Gustech"), a subcontractor of MasTec, located in South Carolina. (*See* ECF No. 125 at 65; ECF Nos. 70, 70-1, 70-2, 70-3, 70-4.) A similar FLSA action, *Buttita v. DIRECTV, LLC*, No. 3:14-cv-00566-MCR-EMT, is pending in the U.S. District Court for the Northern District of Florida. (*See* ECF No. 70 at 1; *see also* ECF Nos. 70-1, 70-2.) **Plaintiffs aver that several of the named plaintiffs in *Buttita* have also alleged that they engaged in employment with DIRECTV through Gustech. (See ECF No. 70 at 2.)**  Gustech is not a party to either the instant action or the *Buttita* action.

*Alston,* 2017 U.S. Dist. LEXIS 67330 *2 (D.S.C. May 03, 2017)(emphasis added).

Moreover, it appears from the *Alston* docket sheet that numerous plaintiffs in over 40

related cases nationwide have settled FLSA claims arising out of their purported

misclassification as independent contractors – presumably including some whose alleged

employment originated with Gustech, although that is not public information.  (*See*

"Supplemental Joint Status Report Following Global Mediation And Joint Motion To Continue

To Stay Case," ECF No. 184 in *Alston v. DIRECTV, Inc*., Civil Action No.: 3:14-cv-04093-JMC,

**attached hereto as Ex. A).**  The parties in *Alston* informed the Court on March 12, 2018:

> As the Court knows, after several weeks of ongoing discussion and negotiations, the parties reached agreement on material terms and executed a global settlement term sheet on January 3, 2018, which provides a framework for the resolution of over 40 related actions pending in federal courts and arbitrations across the country (including this case). The global settlement term sheet provides a process for finalizing individual case settlement agreements across the related actions. Additionally, given the scope of the proposed global settlement, the parties have agreed to coordinate and sequence the process of seeking settlement approval across the more than 40 related actions implicated by the global settlement (with certain cases proceeding ahead of others by agreement).

(**Ex. A**, "Supplemental Joint Status Report Following Global Mediation And Joint Motion To Continue To Stay Case," p. 1). Gustech has not seen the "global settlement term sheet" referenced in the above filing to determine whether any of its independent contractors are included in the global settlement, but at least some of the plaintiffs in *Alston* and *Buttitta* alleged they were Gustech employees. Moreover, at least one of the five "Critical Cases" whose settlement was prioritized pursuant to the "global settlement term sheet" originated in the Southern District of Florida, one of the states Plaintiffs purport to include in their collective in this case. (*Id.*, p. 2). And there are countless other independent contractors in jurisdictions unknown who apparently also have resolved their FLSA misclassification claims in the "more than 40 related actions implicated by the global settlement." (*Id.*, p. 2).

Judicial efficiency is not advanced by rushing conditional certification in this case without knowing which global FLSA settlements have already resolved misclassification claims arising out of a working relationship with Gustech.

**B.    A Collective Action Against Gustech Was Filed In Texas Before This Case And Overlaps With The Putative Collective In This Case.**

Moreover, a technician-misclassification FLSA collective action against Gustech is already pending in the Northern District of Texas, having been filed in November 2017. (*See* Complaint filed in *Robert Westberry and Jared Stubblefield, Individually and on behalf of all others similarly situated under 29 USC 216(b)*, Civil Action No. 3:17-cv-03162-D (N.D. Texas), **attached hereto as Ex. B).** A quick comparison of the proposed FLSA class definition in *Westberry/Stubblefield* and the one in this case reveals the overlap:

- *Westberry/Stubblefield:*

  All satellite service and repair technicians who worked for GusTech Communications, LLC at any time within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter, and were

8

classified as independent contractors and did not 1) receive the federally mandated minimum wage of $7.25 an hour for every hour worked; or 2) receive overtime at one-and-one-half the regular rate for all hours worked over forty (40) in each workweek.   (**Ex. B**, *Westberry/Stubblefield* Complaint, p. 11).

- *This Case:*

All Satellite Technicians who were misclassified as independent contracts while performing installation work for Gustech Communications, LLC, throughout the United States within three years prior to filing written consent to join this case or During any period while the statute of limitations is tolled under applicable law (the "FLSA Class").   (ECF No. 1, p. 3).

It is clear that the *Westberry/Stubblefield* Complaint – like the Complaint in this case – contemplates a nationwide FLSA collective of Gustech technicians, although the Motion to Conditionally Certify the FLSA Collective recently filed in the *Westberry/Stubblefield* matter appears limited to Gustech technicians in Texas.   (*See* Plaintiffs' Motion for Conditional Certification filed in *Westberry/Stubblefield*, **attached hereto as Ex. C).**   At most, all of the members of Plaintiffs' proposed collective in this case are putative members of the collective in *Westberry/Stubblefield*.   At the very least, all of Plaintiffs' Texas putative members in this case are putative members in *Westberry/Stubblefield*.   For this reason, conditional certification is not warranted either.

## III.    The Notice Requested By Plaintiffs Is Overly Broad And Burdensome

Alternatively, if the Court determines that issuance of notice is appropriate in this matter, Gustech respectfully requests that it provide the parties a period of two weeks from the date of the order to meet and confer regarding the terms of the notice and the notice process.  *See Hart v. Barbeque Integrated, Inc.*, No. 2:17-cv-227-PMD, 2017 U.S. Dist. LEXIS 176755, at *20-21 (D.S.C. Oct. 25, 2017)(granting defendant's request for 14 days to confer with plaintiffs regarding the form of the notice and consent documents); *Reynolds v. Wyndham Vacation Resorts, Inc.*, No. 4:14-CV-2261-PMD, 2015 WL 8042021, at *7 (D.S.C. Dec. 4, 2015) (same).

Prior to reassignment of this case to Judge Coggins, Judge Currie notified the parties that "some edits . . . would need to be made" to the proposed notice and opt-in forms should conditional certification be granted.    (*See* March 30, 2018 Email Correspondence from Judge Currie's chambers to counsel of record, **attached hereto as Ex. D**).  Although Judge Currie did not communicate the substance of her preferred modifications prior to transfer, Gustech has identified a number of edits that it would request to ensure consistency with current case law, some of which are included in the attached, redlined Notice and Opt-In form.  (*See* Redlined versions of Plaintiffs' proposed Notice and Opt-In Form which were filed as ECF Nos. 7-1 and 7-2, respectively, **attached hereto as Ex. E**).

In addition to those redlined changes, Gustech would request the following modifications to the notice procedure.  First, Plaintiffs' proposed 90-day notice period is excessive under the circumstances.  Courts in the Fourth Circuit typically authorize opt-in periods of between 30 and 60 days. *See Schmidt v. Charleston Collision Holdings Corp.*, No. 2:14-CV-01094, 2015 WL 3767436, at *10 (D.S.C. June 17, 2015).  In light of the potential size of the collective action, 45 days is more than sufficient to issue notice.

Second, the notice does not explain to potential opt-in members the discovery obligations to which opt-ins may be exposed, including the fact that they may be required to travel to the District of South Carolina to be deposed and/or participate in a trial.  In *Schmidt, supra,* the District of South Carolina required the notice to potential opt-in plaintiffs to include the following language:  "If you elect to join this lawsuit, you may be required to provide information, give a deposition under oath, produce documents, respond to written interrogatories, and/or testify in Court, including trial." 2015 U.S. Dist. LEXIS 78324, at *25-26 (citing *Byard v. Verizon West Virginia, Inc.*, 287 F.R.D. 365 (N.D. W. Va. 2012)).

10

Third, Plaintiffs request unnecessary personal information from Gustech regarding the potential collective members, specifically last known phone numbers which presumably includes both home and mobile numbers. District courts in this circuit have required a showing of a "special need" before requiring the disclosure of telephone numbers. *Hart*, 2017 U.S. Dist. LEXIS 176755, at \*20-21 (concluding that plaintiff has not shown a special need for the putative class members' telephone numbers and ordering that defendant need only produce the putative class members' names, dates of employment, e-mail addresses, and home addresses); *Ruiz v. Monterey of Lusby, Inc.*, No. DKC 13-3792, 2014 U.S. Dist. LEXIS 61791, 2014 WL 1793786, at \*3 n.1 (D. Md. May 5, 2014) (quoting *Calderon v. Geico Gen. Ins.* Co., No. RWT 10cv1958, 2011 U.S. Dist. LEXIS 2815, 2011 WL 98197, at \*9 (D. Md. Jan. 12, 2011) ("Defendants will not . . . be required to provide phone numbers for potential opt-in plaintiffs at this time because Plaintiffs have made no showing of any 'special need' for the disclosure of this information.")). As Judge Duffy explained, "given the greater intrusion that a telephone call entails and the open-ended nature of the resultant communication," the Court finds that Defendants need not produce that information to Plaintiffs at this time. *Schmidt,* 2015 U.S. Dist. LEXIS 78324, \*25-26).

Fourth, Plaintiffs seek to provide notice by four different methods: mail, email, text message, and postings on Plaintiffs' counsel's website, as well as a mail ***and*** email reminder. (ECF No. 7, pp.13-15). This is excessive and unduly intrusive. Courts generally approve a single method of notice, unless it has been shown that such method would not be effective. *See Koehler v. Freightquote.com, Inc.*, 93 F. Supp. 3d 1257 (D. Kan. 2015) (denying request that defendant post notice when defendant would provide sufficient information to mail notice). Plaintiffs have not demonstrated that a single method would not be successful here.

11

Finally, Plaintiffs have requested that Gustech provide the requested information only 10 business days after the Court issues its order – a short timeframe that would unduly burden Gustech given the amount of information Plaintiffs have requested and the scope of their proposed collective.  Gustech would respectfully request a 30-day period in which to compile the information necessary for notice.

Accordingly, if the Court grants conditional certification, Defendant respectfully requests that the Court provide the parties a period of two weeks from the date of the order to meet and confer regarding the terms of the notice and the notice process.

**CONCLUSION**

For all of these reasons, Gustech respectfully request that Plaintiffs' Motion be denied in favor of additional investigation before notice can be issued.  Alternatively, if the Court determines that issuance of notice is appropriate in this matter, Gustech respectfully requests that the Court provide the parties a period of two weeks from the date of the order to meet and confer regarding the terms of the notice and the notice process, because Plaintiffs' proposals are overly broad and unduly burdensome.

Respectfully submitted,

April 30, 2018

s/Deborah Casey Brown
Deborah Casey Brown, Fed. ID No. 1507
GALLIVAN, WHITE & BOYD, PA
55 Beattie Place, Suite 1200
P.O. Box 10589 (29603)
Greenville, SC 29601
Telephone: (864) 271-5346
dbrown@gwblawfirm.com

Gray T. Culbreath, Fed ID No. 5647
Laura W. Jordan, Fed. ID No. 11398
GALLIVAN, WHITE & BOYD, PA
1201 Main Street, Suite 1200
P.O. Box 7368 (29202)

Columbia, SC 29201
Telephone: (803) 724-1710
gculbreath@gwblawfirm.com
ljordan@gwblawfirm.com

Attorneys for Defendant,
Gustech Communications, LLC

13