IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| GARY BURRELL and ANTOINE LEE, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>GUSTECH COMMUNICATIONS, LLC,<br><br>    Defendant. | NO. 0:18-CV-00508-DCC |

**PLAINTIFFS' MOTION TO CONSOLIDATE CASES**

Plaintiffs Gary Burrell and Antoine Lee, on behalf of themselves and other similarly situated, respectfully submit this motion to consolidate this case and the related case of Westberry v. Gustech Communications, LLC, et al., No. 0:18-cv-02043-DCC (D.S.C.), pursuant to Fed. R. Civ. P. 42(a). On July 24, 2018, the United States District Court for the Northern District of Texas granted the plaintiffs' motion to transfer the case to this Court. See Mem. and Order, ECF No. 36 (attached as Ex. A). In doing so, the court held that "the balance of private and public interest factors weigh in favor of transfer and that judicial economy will best be served if this case is transferred to the District of South Carolina where a related FLSA action involving the same parties is pending, the court grants the motion."[1] Id. at p. 1. The Westberry

---

[1] The court further held that "considerations of judicial economy weigh strongly in favor of transfer. The South Carolina Action—which involves a nearly identical FLSA claim brought against the same defendants by a proposed class that will overlap with the class proposed in this case—is pending in the District of South Carolina, and it will be more efficient and less expensive for all of the parties involved if this case is litigated in a single district, the District of South Carolina, than if these related cases were tried in two different district courts, located over 1,000 miles apart." Id. at p. 21.

1

case was promptly assigned to this Court.  See Westberry, No. 0:18-cv-02043(ECF No. 38). Plaintiffs, therefore, respectfully request this Court to consolidate the instant case with Westberry.

Consolidation pursuant to Fed. R. Civ. P. 42(a) is indeed proper here.  Consolidation is permitted when "actions before the court involved a common question of law or fact." Rishell v. Computer Sciences Corp., 2014 WL 11515835, at *1 (E.D. Va. April 4, 2014).  Courts are granted broad discretion to consolidate actions pending in the same district, as they are here.  See A/S/ J. Ludwig Mowinckles Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977). "Ordinarily, a motion for consolidation will be granted 'unless the party opposing it can show 'demonstrable prejudice.'" Cruickshank v. Clean Seas Co., 402 F. Supp. 2d 328, 340-41 (D. Mass. 2005) (quoting Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir.1989))

"[C]onsolidation is appropriate when to do so will 'foster clarity, efficiency and the avoidance of confusion and prejudice.'" Carolina Cargo, Inc. of Rock Hill v. Countrywide Payroll & HR Sols., Inc., 2017 WL 1314239, at *1 (D.S.C. Feb. 10, 2017) (quoting Workman v. Nationwide Mut. Ins. Co.,2013 WL 2285937, at *3 (D.S.C. May 23, 2013 (citation omitted)). The Fourth Circuit has held that the critical question in determining whether to consolidate is:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the singe-trial, multiple-trial alternatives.

Id. at *1-2 (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

This case and Westberry involve identical claims alleging violations of the FLSA. Indeed, both cases raise the same core legal issue: whether Gustech misclassified its technicians

as independent contractors and, as a result, is liable for minimum wage and overtime violations pursuant to the FLSA. The allegations in both cases challenge Gustech's uniform nationwide policy of classifying its technicians as independent contractors and paying the technicians as if they were exempt from the FLSA's overtime and minimum wage requirements.[2] As Judge Sidney Fitzwater held in granting the plaintiffs' motion to transfer the Westberry case to this Court: "[n]ot only would it waste judicial resource to try identical FLSA claims against the same defendants in two different fora, there is a significant risk of inconsistent rulings if, for example, a judgement for the defendants is entered in one action but a judgment against defendants is entered in another." Mem. and Order at p. 19.

Consolidation is proper where it will prevent wasteful, duplicative trials that could result in inconsistent adjudications, without any prejudice to Gustech. See Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d Cir.1990) (courts should weigh "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues"). As Judge Fitzwater's order demonstrates, the interests of judicial economy strongly support consolidation here.[3]

---

[2] While the Westberry case also named Gustavo Santamaria as a defendant, his inclusion in the case does not raise new theories regarding the central, threshold question in both actions regarding whether the technicians were misclassified as independent contractors. Santamaria is the owner and operator of Gustech and resides in South Carolina. See Westberry, Compl. at ¶ 16 (ECF No. 1). As a result, Santamaria may be individually liable for FLSA violations in the event Gustech is unable to pay any damages awarded the technicians. See 29 U.S.C. § 203(d) (defining "employer" to "include[ ] any person acting directly or indirectly in the interest of an employer in relation to an employee.").

[3] Moreover, consolidation will not deprive Gustech or Santamaria from presenting evidence unique to either case. Lay v. Spectrum Clubs, Inc., 2013 WL 788080, *2 (W.D. Tex. 2013) (quoting Frazier v. Garrison I.S.D., 980 F.2d 1514, 1532 (5th Cir. 1993) ("Consolidation does not merge the suits into a single action or change the rights of the parties; rather, consolidation is 'intended only as a procedural device used to promote judicial efficiency and economy.'"). Thus, Gustech cannot show any prejudice from consolidation.

The Fourth Circuit and courts within this district have found consolidation appropriate in similar circumstances.  See Harris, 132 F.3d at 982 n.2 ("These claims, brought against the same defendant, relying on the same witnesses, alleging the same misconduct, and answered with the same defenses, clearly meet [the Fed. R. Civ. P 42(a) standard]."); Trotter Site Preparation, LLC v. Local 470, Int'l Union of Operating Engineers, 2010 WL 200788, at *2 (D.S.C. Jan. 14, 2010) (holding that two cases challenging the same agreement justified consolidation under rule 42); U.S. ex. rel. Sprinkle Masonry, Inc. v. THR Enterprises, Inc., 2014 WL 4748527, at *3 (E.D. Va. Sept. 23, 2014) (finding consolidation justified due to the "risk of inconsistent adjudication" where "both cases involve similar factual situations involving nearly identical legal claims," as well as the fact that "not consolidating would have the effect of substantially increasing the amount of discovery and trial preparation," and that "the parties will save time and expense through consolidation . . . ."); Rishell, 2014 WL 11515835, at *1 ("[T]here are common issues conducive to discovery and pre-trial consolidation. Concerns over discovery deadlines can be raised within the discovery process and do not detract from the commonality between the two actions. Discovery and pre-trial consolidation precludes the costs of two separate discovery processes that will likely include deposing the same witnesses, involve the same defendant, and exploring the same defenses. Judicial economy counsels consolidation here.").

Therefore, Plaintiffs respectfully request this Court to consolidate the instant case with the Westberry case.

Pursuant to Local Civil Rule  7.02, D.S.C., the undersigned hereby affirms that prior to filing this motion, Plaintiffs' counsel attempted to confer with opposing counsel in a good-faith effort to obtain Defendant's consent to the motion, but that no resolution could be reached in a timely manner.

In addition, Pursuant to Local Civil Rule 7.04, D.S.C., this Motion is being filed without a separate supporting memorandum of law because the basis for the motion is fully set forth herein, and a separate memorandum would serve no useful purpose.

For the reasons stated above, the Court should consolidate this case with <u>Westberry v. Gustech Communications, LLC, et al.</u>, No. 0:18-cv-02043 (D.S.C.) for all purposes.

>
> Respectfully submitted,
>
> GARY BURRELL and ANTOINE LEE,
> on behalf of themselves and all other
> similarly situated
>
>  s/ David E. Rothstein
> David E. Rothstein, Fed. ID No. 6695
> ROTHSTEIN LAW FIRM, PA
> 1312 Augusta Street
> Greenville, SC 29605
> Telephone: (864) 232-5870
> Facsimile: (864) 241-1386
> drothstein@rothsteinlawfirm.com
>
> Harold Lichten
> (Admitted *pro hac vice*)
> Benjamin J. Weber
> (Admitted *pro hac vice*)
> LICHTEN & LISS-RIORDAN, P.C.
> 729 Boylston St., Suite 2000
> Boston, MA 02116
> Telephone: (617) 994-5800
> Facsimile: (617) 994-5801
> hlichten@llrlaw.com
> bweber@llrlaw.com

Dated:  August 10, 2018