# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| GARY BURRELL and ANTOINE LEE, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>GUSTECH COMMUNICATIONS, LLC,<br><br>                    Defendant. | NO. 0:18-CV-00508-CMC<br><br><br><br>*Consolidated with:* |
| ROBERT WESTBERRY AND JARED STUBBLEFIELD, Individually, and on behalf of all others similarly situated under 29 USC 216(b),<br><br>                    Plaintiffs,<br><br>v.<br><br>GUSTECH COMMUNICATIONS, LLC, AND GUSTAVO SANTAMARIA,<br><br>                    Defendants. | NO. 0:18-CV-2043-CMC |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs brought this class action lawsuit on behalf of themselves and those similarly situated alleging that Defendant, Gustech Communications, LLC (hereinafter "Gustech") misclassified its satellite installation technicians as independent contractors and that by failing to pay overtime Gustech violated the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Furthermore, Plaintiffs allege that by taking deductions from its technician's compensation

1

Gustech violated the South Carolina Payment of Wages Act ("SCPWA") and the North Carolina Wage and Hour Act ("NCWHA").

Technicians who worked for Gustech in Texas previously filed a similar case in the United States District Court for the Northern District of Texas, bringing claims pursuant to the FLSA for unpaid overtime, which case has now been consolidated with the above-captioned matter.  See Westberry v. Gustech, et al., No. 0:18-cv-02043-CMC (D.S.C.); ECF No. 47. Plaintiffs in Westberry named Gustech's owner, Gustavo Santamaria, as an individual Defendant, in addition to Defendant Gustech.

Plaintiffs now seek leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Specifically, Plaintiffs seek to add Gustavo Santamaria, who has served as the owner of Gustech, as an individual Defendant in this action and who would, therefore, be individually liable for the claims in this case.  For the reasons stated below, there is no doubt that Santamaria could be held individually liable for wage violations under the FLSA and both South Carolina and North Carolina state law.  Indeed, he is already listed as a named Defendant under the FLSA in the Westberry case.

In addition, this Court has already indicated that it is inclined to grant Plaintiffs' motion for issuance of notice pursuant to § 216(b) of the FLSA to a class of technicians who have worked for Gustech in South Carolina, North Carolina, Florida, and Texas. (Burrell ECF No. 47, Westberry ECF No. 46 ).  Adding Santamaria as a Defendant in this action would make the two actions against Gustech nearly identical, thus simplifying the notice to be provided to the technicians.

**ARGUMENT**

"Rule 15(a)(2) provides that leave to amend a pleading should be given freely when justice so requires." Davis v. Richland Cty., 2013 WL 5797270, at *1 (D.S.C. Oct. 24, 2013). "A motion to amend should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Wall v. Sumter-Lee Reg'l Det. Ctr., 2008 WL 893328, at *1 (D.S.C. Mar. 28, 2008) (quoting HCMF Corp. v. Allen, 238 F.3d 273, 276 (4th Cir.2001)) (emphasis in original). None of those circumstances exists here.

The addition of Santamaria as a Defendant to this action is not futile. Indeed, he is already a named defendant in the Westberry case, which raises an identical claim of independent contractor misclassification. Thus, Santamaria could plainly be held liable as a individual defendant under the FLSA, the SCPWA, and the NCWHA.

"In deciding whether a particular individual is an 'employer' for purposes of the FLSA, courts apply an 'economic reality' test, examining the totality of the circumstances to determine whether the individual has sufficient operational control over the workers in question and the allegedly violative actions to be held liable for unpaid wages or other damages." Garcia v. Frog Island Seafood, Inc., 644 F. Supp. 2d 696, 720–21 (E.D.N.C. 2009). Factors commonly relied on by courts in determining the extent of an individual's operational control over employees include whether the individual: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. Id. (citing Herman v. RSR Sec. Servs., 172 F.3d 132, 139 (2d Cir.1999))

Similarly, the "definition of 'employer' in the NCWHA is identical to that used in the FLSA." Garcia, 644 F. Supp. 2d at 720 n. 28 (citing N.C. Gen.Stat. § 95–25.2(5) ("any person acting directly or indirectly in the interest of an employer in relation to an employee")). Thus, "[i]n accordance with federal courts' interpretation of "employer" within the FLSA, under certain circumstances, individual liability also exists under the NCWHA." Id. (citation omitted). Similarly, the definition of "employer" in SCPWA includes "agents or officers of a corporation who knowingly permit their corporation to violate the Act." S.C. Code Ann. § 41-10-10(1). Thus, company owners may be held individually liable under the SCPWA. Turner v. Condustrial, Inc., 2017 WL 4175500, at *2 (D.S.C. Sept. 21, 2017)

According to the Gustech's corporate filings both in South Carolina, the state where it is incorporated, Santamaria is listed as the owner and organizer of Gustech. See Decl. of Benjamin J. Weber (attached as Ex. A). Moreover, Santamaria was present at its facility in Fort Mill, South Carolina on a near daily basis, and would speak to the technicians at staff meetings about their performance and Gustech's policies. See Decl. of Antoine Lee ¶¶ 4-5 attached as Ex. B. In addition, Santamaria controlled the way the technicians were classified and paid and, in 2017, told the technicians that the company would start classifying the technicians as employees, even though that did not happen. Plaintiffs believe that discovery will further demonstrate that, in addition to serving as its founder and owner, Santamaria controlled and directed Gustech's policies regarding how the company classified and paid its satellite installation technicians.

There is no cause for denying Plaintiffs leave to amend. There has been no undue delay here. No discovery has taken place in this case. Moreover, there was no reason to amend until recently. This case was only recently consolidated with the Westberry case on October 4,

4

2018. ECF No. 48. Indeed, Plaintiffs have filed their motion to amend as soon as practicable. [1]

See, e.g., Savoy v. White, 139 F.R.D. 265, 269 (D. Mass. 1991) (finding no delay despite complaint being filed over a year prior to the proposed amendment).

Furthermore, the proposed amendment would not cause Gustech any undue prejudice. Undue prejudice usually requires a showing that allowing the proposed amendment will require the re-opening of discovery, a significant postponement of trial, and a major alteration of trial strategy. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (citation omitted). See also Goulet v. Whitin Mach. Works, Inc., 399 Mass. 547, 552 (1987) (holding that undue prejudice required showing such as a delay of trial or the introduction of a new theory of liability); Cowden v. BNSF Ry. Co., 2013 WL 1282248, at *6 (E.D. Mo. Mar. 26, 2013) (finding no undue prejudice even where amendment sought after the close of discovery where amendment would not introduce a new theory of liability). None of those factors is present here.

Here, Plaintiffs do not seek to introduce a new theory of liability. In addition, the proposed amendment would not impact the trial date, because Plaintiffs' request is being made before discovery has commenced. Furthermore, Plaintiffs only seek to add Santamaria as a new defendant to protect the putative class's right to a full recovery, should they eventually be successful in proving Gustech's liability in this case. In other words, this amendment comes down a collections issue and does not introduce *any* new facts or new theories of liability.

---

[1] Moreover, Plaintiffs' motion is timely under the scheduling order. The Court has not set a deadline for motions to amend the pleadings. See ECF. No.34. In such cases, courts have found that the deadline for motions to amend should be the same as the deadline for dispositive motions. Marchand v. Town of Hamilton, 2011 WL 613699, at *1, n.1 (D. Mass. Feb. 9, 2011). The Court has not set a deadline for dispositive motions, although, in their Joint Statement pursuant to Rule 16, the parties sought a dispositive motion deadline to be set 90 days after a ruling on class certification. ECF No. 32. In any event, the deadline for filing a dispositive motion has not passed.

Furthermore, since the underlying issues of liability – whether Plaintiffs were misclassified as independent contractors, whether they are owed overtime pay under the FLSA, and whether deductions taken from their compensation violated the South Carolina Payment of Wages Act and the North Carolina Wage and Hour Act – remain identical even after the proposed amendment, there will be no change to Defendants' strategy in this case.

Moreover, since Gustech has been named as the Defendant in this case since its filing in February 2018, Santamaria has been on notice of the claims at issue in this case (by virtue of his position at Gustech) and has likewise been on notice regarding the possibility that he could be held personally liable for Gustech's wage violations under the FLSA, the SCPWA, and the NCWHA.

## **CONCLUSION**

Wherefore, because an amendment is in the interests of justice, Plaintiffs respectfully request that the Court grant leave for the Plaintiffs to file their proposed Amended Class Action Complaint which attached hereto as Ex. C.

[Signature of Counsel on Following Page]

Respectfully submitted,

GARY BURRELL and ANTOINE LEE,
on behalf of themselves and all other
similarly situated


  s/ David E. Rothstein
David E. Rothstein, Fed. ID No. 6695
ROTHSTEIN LAW FIRM, PA
1312 Augusta Street
Greenville, SC 29605
Telephone: (864) 232-5870
Facsimile: (864) 241-1386
drothstein@rothsteinlawfirm.com


Harold Lichten
(Admitted *pro hac vice*)
Benjamin J. Weber
(Admitted *pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
bweber@llrlaw.com


Dated: November 26, 2018