IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| GARY BURRELL and ANTOINE LEE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GUSTECH COMMUNICATIONS, LLC,<br><br>Defendant. | C/A No. 0:18-cv-00508-CMC<br><br><br><br>Opinion and Order<br>Conditionally Certifying<br>Collective Action |
| ROBERT WESTBERRY and JARED STUBBLEFIELD, on behalf of themselves and others similarly situated under 29 U.S.C. § 216(b),<br><br>Plaintiffs,<br><br>v.<br><br>GUSTECH COMMUNICATIONS, LLC, and GUSTAVO SANTAMARIA,<br><br>Defendants. | C/A No. 0:18-cv-02043-CMC<br><br><br><br>Opinion and Order<br>Conditionally Certifying<br>Collective Action |

By order entered October 4, 2018, the court granted Plaintiffs' Motion to Consolidate the above captioned matters. *See Burrell et al. v. Gustech Communications, LLC*, C.A. No. 0:18-cv-00508-CMC ("*Burrell*"), ECF No. 47 ("Consolidation Order"); and *Westberry et al. v. Gustech Communications, LLC, et al.*, C.A. No. 0:18-cv-02043-CMC ("*Westberry*"), ECF No. 46 (same).[1]

---

[1] The Consolidation Order and subsequent filings were made concurrently in *Burrell* and *Westberry* (collectively "Consolidated Cases"). For ease of reference, the court cites filings in *Burrell* in the remainder of this order except when citing documents filed only in *Westberry* (pre-consolidation filings).

The Consolidation Order discussed but left open motions for conditional certification of a collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), pending in both cases (collectively "Certification Motions"). *Burrell,* ECF No. 7 ("*Burrell* Certification Motion"); *Westberry*, ECF No. 23 ("*Westberry* Certification Motion"); *Burrell*, ECF No. 47 at 12-15 (Consolidation Order).

As explained in the Consolidation Order, consultation and further briefing was required to address the impact of consolidation on the Certification Motions. *Id.* at 12, 13. Having now received and considered supplemental briefing and related agreements resolving some disputed issues, the court grants the Certification Motions and approves notice substantially in the form attached to this order. *See Burrell*, ECF Nos. 58, 60, 67, 68.

## BACKGROUND

***Westberry* Complaint and Certification Motion.** *Westberry* was filed in the Northern District of Texas on November 17, 2017. *Westberry*, ECF No. 1. The two named Plaintiffs pursue recovery under the FLSA against both Gustech Communications, LLC ("Gustech Communications") and its owner, Gustavo Santamaria ("Santamaria"). *Id.* ¶¶ 2, 15, 16. They seek this recovery on behalf of themselves and other similarly situated satellite installation technicians ("Technicians"). *Id.* ¶¶ 1, 11, 63-70. While the collective described in the Complaint lacks a geographic limit, the later-filed *Westberry* Certification Motion limits the proposed collective to Technicians who work or worked in Texas. *Compare id.* ¶ 63, *with* ECF No. 23 at 1 (filed April 10, 2018).

In their response to the *Westberry* Certification Motion, Defendants agree conditional certification of a single-state collective action is proper, though they object to some of Plaintiffs' proposed procedures for notice and limitations on communications. *Westberry*, ECF No. 30 (filed

May 8, 2018). Despite the parties' agreement as to the core issue, the *Westberry* Certification Motion was stayed by consent on May 15, 2018, in light of a then-pending motion to transfer *Westberry* to this court. *Westberry*, ECF Nos. 28 (motion to transfer filed May 7, 2018), 32 (motion to stay), 33 (order granting stay). *Westberry* was transferred to this court on July 24, 2018. *Westberry*, ECF No. 36.[2]

***Burrell* Complaint and Certification Motion.** *Burrell* was filed in this district on February 21, 2018. *Burrell*, ECF No. 1. The two named Plaintiffs pursue recovery from Gustech Communications under the FLSA and state law. *Id.* Plaintiffs seek recovery on behalf of themselves and similarly situated Technicians who work or worked for Gustech Communications anywhere in the United States (for the FLSA claim). *Id.* ¶ 9.[3] The Complaint identifies the following four states as locations in which Gustech Communications employed Technicians: North Carolina, South Carolina, Texas and Florida. *Id.* ¶ 14 (listing these states but not excluding others).

The *Burrell* Certification Motion was filed a few weeks after the action was filed and prior to Defendant filing an answer. *Burrell*, ECF No. 7 (filed March 16, 2018). This motion seeks conditional certification of a collective action covering Technicians who work or worked for

---

[2] As noted in the Consolidation Order, transfer eliminated the basis for the stay. *See Burrell*, ECF No. 47 at 13 ("while the stay has not formally been lifted, the circumstance that led to the stay has been resolved by virtue of the transfer of *Westberry* to this court.").

[3] The state law claims are pursued on behalf of two putative classes, each comprised of Technicians who work or worked in a single state (North Carolina or South Carolina). *Burrell*, ECF No. 1 ¶¶ 10, 11. This order does not address certification of any class to pursue state law claims, which certification would be governed by Rule 23 of the Federal Rules of Civil Procedure.

3

Gustech Communications in North Carolina, South Carolina, Texas and Florida. *Burrell*, ECF No. 7 at 1, 2. Gustech Communications opposes certification based on possible overlap with claims addressed and settled in two actions against another entity for which Gustech Communications was a subcontractor. *Burrell*, ECF No. 26 at 5-8 (filed April 30, 2018).[4]

The *Burrell* Certification Motion was referred to a Magistrate Judge for a Report and Recommendation ("Report"). *Burrell*, ECF No. 27 (referral entered May 4, 2018). Following a hearing, the Magistrate Judge entered a Report on June 5, 2018. *Burrell*, ECF No. 36. The Report recommends the *Burrell* Certification Motion be granted because "Plaintiffs have met the lenient burden of showing that conditional certification is appropriate, as the affidavits of the named Plaintiffs and the allegations contained in the Complaint provide a reasonable basis to claim that the [D]efendant treated all of the technicians in these [four] states similarly pursuant to a common policy." *Id.* at 3. The Report does not mention *Westberry* or its potential transfer and

---

[4] Gustech Communications' opposition memorandum identifies three cases with potential overlapping claims: *Westberry* (discussed above); and two actions against DirecTV, LLC or DirecTV, Inc. (collectively "DirecTV"). Gustech Communications concedes it is not a Defendant in either of the actions against DirecTV, but argues these actions (pending in Florida and South Carolina) likely encompass claims of at least some Technicians covered by the proposed collective action in *Burrell*. *Burrell*, ECF No. 26 at 5-8. Gustech Communications notes the parties in the actions against DirecTV agreed to a global settlement, which *might* preclude suit against Gustech Communications. *Id.* at 8 (acknowledging Gustech Communications had not seen the global settlement term sheet). It argues potential participation of the same Technicians in *Burrell* "raises legitimate questions about whether the proposed collective members are similarly situated in the first instance." *Id.* at 5. Gustech Communications does not argue the putative class members are not similarly situated for any other reason: most critically because they performed work in different states. Gustech Communications' only other arguments relate to the method and form of notice and joinder.

4

consolidation. Thus, it does not address the impact, if any, consolidation might have on conditional certification.[5]

Gustech Communications filed objections to the Report on June 19, 2018, arguing "(1) Plaintiffs have not shown they are substantially similar to any proposed collective members in Florida . . . ; and (2) Plaintiffs have not met their burden to demonstrate that the existence of other FLSA cases involving DirecTV and Gustech [Communications] as alleged subcontractor do not overlap with, or impact the viability of, claims by the proposed collective members in this case." *Burrell*, ECF No. 37 at 1. The first argument acknowledges transfer and consolidation of *Westberry* would resolve concerns arising from the absence of a named-Plaintiff who worked in Texas. ECF No. 37 at 5 ("Even if that transfer and consolidation occurs, there currently are no plaintiffs in either suit who worked for Gustech [Communications] out of Florida."). Despite the Report's conclusion Plaintiffs' allegations and affidavits provided a "reasonable basis" for the premise Technicians from all four states were treated "similarly pursuant to a common policy," Gustech Communications fails to proffer or point to previously filed support for a contrary conclusion. *Burrell*, ECF No. 36 at 3.[6]

---

[5] The parties' pre-Report memoranda addressed the existence of *Westberry*, its overlap with *Burrell*, the pending motion to transfer in *Westberry*, and Plaintiff's intent to seek consolidation. *See Burrell*, ECF No. 26 at 8, 9 (noting the *Westberry* Complaint "contemplates a nationwide FLSA collective of Gustech [Communications'] technicians" but the later-filed certification motion seeks only to represent Technicians who worked in Texas); *Burrell*, ECF No. 28 at 5, 6 (noting motion to transfer in *Westberry* had been filed earlier the same day and Plaintiffs would move to consolidate the actions if *Westberry* was transferred). However, *Westberry* was not transferred until after the Report was entered and Gustech Communications filed its objections.

[6] As noted above, Gustech Communications' pre-Report arguments suggested possible differences between Technicians covered by the proposed collective because *some may be participants in other litigation*. It did not suggest differences based on the state in which work was performed.

**Transfer and Consolidation.** *Westberry* was transferred to this court on July 24, 2018. *Westberry*, ECF No. 36. On August 10, 2018, Plaintiffs in *Burrell* moved to consolidate the two actions. *Burrell*, ECF No. 40. The court granted the motion over Defendant Gustech Communications' opposition. *Burrell*, ECF Nos. 43, 47.

The October 4, 2018 Consolidation Order addresses the impact of consolidation on the Certification Motions as follows:

> In light of the granting of the Consolidation Motion . . . , this court is now faced with two overlapping motions for conditional certification in the now-consolidated actions. One motion, filed in *Westberry*, seeks conditional certification of a one-state FLSA [Collective] and is unopposed by either Defendant other than as to details of the notice and related limitations. The other, filed in *Burrell*, seeks conditional certification of a four-state FLSA [Collective] and is opposed by the sole Defendant in *Burrell*, Gustech [Communications]. Gustech [Communications'] opposition is set out in its objection to the Report, which recommended the motion be granted with details as to the form of notice to be resolved by agreement or future ruling.

*Burrell*, ECF No.47 at 13.

Addressing Gustech Communications' two specific objections to certification, the Consolidation Order states as follows:

> The court has reviewed Gustech [Communications'] two specific objections to the Report applying a *de novo* standard of review. Those objections point to the possible need to (1) narrow the collective action to exclude Florida Technicians, based on the absence of any named Plaintiff who worked in that state, and (2) include procedures to identify and exclude persons who are parties to other actions that cover and settle the same claims. While the court is inclined to overrule these objections, it defers any final resolution for reasons set out below.

*Id.* at 13, 14 (notes omitted). The court, therefore, deferred resolution of the *Burrell* and *Westberry* Certification Motions "to allow the parties an opportunity to confer to determine whether agreement is possible as to certification in the consolidated actions and the form of notice or,

alternatively, to file supplemental memoranda addressing certification in the context of the consolidated actions." *Id.* at 14.

**Subsequent Conferences and Briefing on Certification Motions.** The parties subsequently conferred, resolved some disputed issues as to the form of notice, and briefed other notice-related issues. *See Burrell,* ECF Nos. 58, 60, 67, 68. Plaintiffs' first post-consolidation brief incorrectly characterizes the Consolidation Order as having granted one or both Certification Motions and, consequently, addresses only disputed issues relating to notice. *Burrell*, ECF No. 58 at 1. In their responsive brief and without distinguishing between *Westberry* and *Burrell*, Defendants state they "still maintain that certification as a collective FLSA action is not appropriate in the first instance." However, Defendants do not point to any specific reason for opposing conditional certification in the Consolidated Cases. *Burrell*, ECF No. 60 n. 2; *see also id.* n.3 (noting potential overlap between the collectives proposed in *Burrell* and *Westberry*, but not explaining if or how the overlap weighs against certification). The remainder of both Plaintiffs' and Defendants' post-consolidation filings address agreements and a few remaining disputes as to (1) content of notice and consent to joinder forms ("Notice" and "Consent Form"), and (2) administrative issues such as production of contact information and the means by which the Notice will be delivered and Consent Form returned. *Burrell*, ECF No. 58 at 1-8; ECF No. 60 at 1-6.

**Motions to Amend Complaint and Toll Statute of Limitations.** Before supplemental briefing on the Certification Motions was complete, Plaintiffs filed two additional motions: (1) a Motion to Toll the Statute of Limitations ("Motion to Toll"); and (2) a Motion to Amend the Complaint in *Burrell* to add the individual Defendant Santamaria ("Motion to Amend"). *Burrell*, ECF Nos. 61, 62.

The Motion to Toll has been resolved by agreement. *Burrell*, ECF No. 76. The Motion to Amend is opposed and remains pending. *See Burrell*, ECF Nos. 62, 73, 77. The court finds the Motion to Amend does not require resolution before the Certification Motions are resolved and Notice sent so long as the pendency of the Motion to Amend is addressed in the Notice.

**DISCUSSION**

For reasons explained below, the Certification Motions filed in *Westberry* and *Burrell* are granted (Discussion §§ I.A, I.B.), with modification to the definition of the collective to reflect consolidation (§ I.C.). The court resolves disputed issues as to the Notice and Consent Form (Discussion § II) and approves the same in the form attached to this order. The court directs notice be given consistent with the parties' agreed procedures (Discussion § III).

**I.     Conditional Certification**

   **A.     *Westberry* Certification Motion**

Prior to *Westberry's* transfer to this court, Defendants filed a memorandum stating they did not oppose conditional certification of a collective action comprised of Technicians who work or worked in Texas. *Westberry*, ECF No. 30 at 2 (agreeing "for purposes of notice only"). Given this prior agreement, Defendants' non-specific, post-consolidation statement they "still maintain that certification . . . is not appropriate" cannot be construed as opposing what Defendants previoulsy agreed was appropriate: certification of the one-state collective proposed in *Westberry*.

Defendants' only opposition in *Westberry* was to certain notice requirements and limits on Defendants' ability to communicate with Technicians. *See id.* at 2-11. These notice and communication issues have not been addressed in supplemental memoranda filed after the Consolidation Order. Thus, any dispute relating to these issues appears to have been resolved by agreement.

8

Accordingly, the court grants the *Westberry* Certification Motion as unopposed. The definition of the collective is, however, modified in light of the consolidation as reflected in Discussion § I.C. below.

**B.  *Burrell* Certification Motion**

The corresponding motion in *Burrell* seeks to certify a collective action comprised of Technicians who work or worked in four states:  North Carolina, South Carolina, Texas and Florida.  The Report relies on the two-step process followed in the Fourth Circuit and lenient standard applied at the first step (conditional certification and approval of notice).  *Burrell*, ECF No. 36 at 2-3.  It recommends the motion be granted and the parties be directed to propose a notice.  *Id*.

Defendant Gustech Communications' objections to the Report rest on (1) the possibility claims of some putative collective action members may not be viable because of overlap between these actions and "other FLSA cases involving DirecTV and Gustech [Communications,]" and (2) the absence of a named representative from Florida (or evidence any Florida Technician desires to join the action).  ECF No. 37 at 1, 5-10.[7]  Gustech Communications does not challenge the procedure or standard applied by the Report.  To the contrary, it agrees a two-step procedure for certification of an FLSA collective is appropriate, with the first step (conditional certification) allowing notice based on Plaintiffs' demonstration that a "class of similarly situated aggrieved employees exists."  *Id.* at 3 (quoting *Purdham v. Fairfax Cnty. Pub. Sch.,* 629 F. Supp. 2d 544,

---

[7]  Gustech Communications acknowledges transfer and consolidation of *Westberry* (neither of which had then occurred) would eliminate concerns based on the absence of a named-Plaintiff who worked in Texas. *Id.* at 4, 5.

547-48 (E.D. Va. 2009)). Gustech Communications notes Plaintiffs' burden of proof as to this requirement is neither "onerous" nor "invisible." *Id.*

As noted above, Gustech Communications' post-consolidation memorandum addressing certification includes a footnote suggesting continued opposition to certification, though it fails to specify any ground for opposition. The court, therefore, treats this footnote as reasserting the grounds raised in Gustech Communications' two objections to the Report in *Burrell*.

The court applies a de novo standard of review to Gustech Communications' specific objections and reviews the remainder of the Report for clear error.[8] For reasons explained below, the court finds no error and agrees with the Report's rationale. The court, therefore, adopts the Report except as to the specific definition of the collective which is modified in light of consolidation of the two cases. *Infra* Discussion § I.C.

Gustech Communications' first objection focuses on the absence of a named-Plaintiff who worked in Florida. Gustech Communications did not raise this argument in its pre-Report opposition memorandum. *See* ECF No. 26. It, instead, argued Technicians covered by the proposed definition might not be similarly situated because they may have participated in other

---

[8] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

litigation. Thus, the pre-Report record does not point to any differences in treatment of Technicians *based on the state in which they worked*.

Neither does Gustech Communications now proffer any argument or evidence that Technicians who worked in Florida were treated differently from Technicians who worked in other states. In contrast, Plaintiffs include Technicians from three of the four states at issue, each of whom allege similar treatment with respect to the core issues. Absent some evidence Technicians in Florida were treated differently, this is sufficient to raise an inference (for purposes of conditional certification) Technicians who worked in all four states were subject to the same treatment with respect to factors relevant to their classification as employees or independent contractors. In sum, while Plaintiffs bear the burden of making a threshold showing of similar treatment, the court agrees with the Report that Plaintiffs' allegations and affidavits are sufficient to meet this burden.

Gustech Communications' second objection corresponds with its pre-Report argument that overlap between the claims asserted in *Burrell* and in other actions may preclude putative members who have participated or are participating in other litigation from being similarly situated. Specifically, Gustech Communications argues overlap between the proposed collective and "other FLSA cases involving DirecTV and Gustech [Communications]" may "impact the viability of" putative collective action members' claims, even if *Westberry* and *Burrell* are consolidated.

As suggested in the Consolidation Order, the court finds these concerns may be resolved through discovery, including by requiring Plaintiffs' counsel to gather and disclose information from Technicians who join the action regarding their participation in or coverage under other litigation. *See Burrell*, ECF Nos. 68 at 2, 68-2 (agreeing to inquiries to be made and attaching questionnaire). If the parties disagree as to the impact of participation in another action or

settlement, they may raise the issue with the court. The court may, at that point, determine whether subclassing, narrowing of the collective, or other action is appropriate. Gustech Communications' second objection is, therefore, overruled.

The court finds no clear error in any other aspect of the Report. Accordingly, the court adopts the Report and grants the *Burrell* Certification Motion, with modification of the definition of the collective to address consolidation as discussed below.

### C. Consolidated Collective Action Definition

These cases were consolidated after entry of the Report. Consequently, the Report did not consider the impact of consolidation on the definition of the collective. The court adopts the following definition and conditionally certifies a collective in these Consolidated Cases defined to include individuals who meet the following three requirements:

(1) worked as satellite installation technicians for Gustech Communications LLC;

(2) were classified as independent contractors; and

(3) performed this work in the states of Florida, North Carolina, or South Carolina, on or after **February 21, 2015** or in Texas on or after **November 17, 2014**.[9]

## II. Disputed Notice Issues

**Delivery of Notices.** The parties disagree as to how the Notice should be delivered to potential members of the collective action. Plaintiffs ask the court to allow delivery by multiple means including delivery of a hard copy by United States Postal Service ("USPS") and delivery

---

[9] The differences in date derive from the different filing dates of the two Consolidated Cases. Because *Westberry* is the earlier filed action and names two Defendants, the Notice will inform Technicians who worked in Texas that they will be deemed to have joined the *Westberry* action unless they indicate a different preference.

of electronic versions by various means (email, fax, text messages). Defendants argue delivery should be only by hard copy delivered by USPS.

The court finds delivery of a hard copy through the USPS is appropriate as the primary means of delivery of the Notice. Delivery by other means will be allowed only under the following circumstances: (1) Plaintiffs' counsel receive inquires or requests *initiated by potential collective action members* who ask to receive a copy of the notice by means other than USPS; or (2) a Notice sent by USPS is returned as undeliverable. In these instances, Plaintiffs' counsel may send Notice by such alternate means as counsel deems appropriate.

**Consent Form.** The parties have agreed to language for the Consent Form but disagree as to how the forms may be returned or consent may be given. As indicated in the attached approved Notice and Consent Form, responses may be delivered by USPS, hand-delivery, other means of physical delivery, or by email attachment or facsimile. If controls allow confirmation of the identity of the person signing and that they have read the Notice in full, electronic signatures may also be allowed on Consent Forms. Local Counsel shall be responsible for filing Consent Forms as soon as possible upon Plaintiffs' counsel's receipt.

**Footnote regarding other litigation.** Defendants request inclusion of a footnote in the Notice stating "Miquel Alvarez, d/b/a/ Gustech Communications-Orlando, previously obtained a jury verdict in his favor in an FLSA lawsuit filed in the Middle District of Florida by a satellite installer who alleged he was misclassified as an independent contractor." ECF No. 64 at 6 n.5 (quoting proposed note). Plaintiffs object, arguing Defendants have not shown sufficient similarity between the Consolidated Cases and the case against Alvarez ("*Alvarez*") to justify inclusion of the note. ECF No. 67 at 3, 4.

The court finds Defendants' proposed footnote should not be included as Defendants have not established sufficient similarity between the cases to suggest the outcome in *Alvarez* is predictive of the outcome in the Consolidated Cases. Even if the actions were shown to be similar, including the note would not be helpful without inclusion of sufficient information about *Alvarez* to allow Technicians to decide for themselves whether the outcome in *Alvarez* was predictive of the outcome in this case. The degree of detail necessary would distract from the purpose of the Notice: informing potential members of the collective about their right to join these Consolidated Cases.

**Form of Notice.** Without waiving their prior filed positions, the parties have participated in drafting the attached Notice and Consent Form. These forms incorporate rulings in this order. Notice shall be given and consents obtained using forms substantially similar to the attached versions.

## III. Notice Procedures

By agreement of the parties, the following time frames and procedures apply:

1. Defendants have provided Plaintiffs' attorneys with the names and last known addresses of the individuals who performed work for Gustech Communications during the relevant periods and who may fall within the definition of the collective approved in this order. *Burrell*, ECF No. 79 (status report);

2. Within ten days of entry of this order, Plaintiffs' attorneys will mail the Notice and Consent Form to Technicians for whom contact information was provided;

3. Prospective members of the collective action will have sixty (60) days from the date the Notice is mailed to them to return their Consent Forms to join these Consolidated Cases; and

4.  Plaintiffs may send one reminder postcard to prospective members of the collective advising recipients they should have previously received a notice, reminding them of the deadline for joining, and providing contact information should they need further information.

*See* ECF No. 68 (addressing procedures and time frames).

## CONCLUSION

Accordingly, both the *Westberry* Certification Motion and the *Burrell* Certification Motion are granted, with the definition of the collective to reflect the Consolidated Cases as set forth above (Discussion § I.C.). Notice shall be given and consent allowed following the procedures set forth above (Discussion §§ II, III), and using a Notice and Consent Form substantially in the form attached hereto.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 9, 2019